**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Michelle Needler, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Diversified Collection Services, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Michelle Needler, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Michelle Needler ("Plaintiff"), is an adult individual residing in South Grafton, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Diversified Collection Services, Inc. ("Diversified"), is a California business entity with an address of 333 N. Canyons Pkwy 100, Livermore, California 94551, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Diversified and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Diversified at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $8,500.00 (the "Debt") to American Student Association (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Diversified Engages in Harassment and Abusive Tactics**

12. In December, 2010, Plaintiff entered into a rehabilitation program with Diversified agreeing to make a down payment in the amount of $300.00 and monthly electronic payments of $94.00 for nine consecutive months.

13. According to the terms of the program, upon successful completion of the program by Plaintiff, Diversified would transfer Plaintiff's account back to the original creditor.

14. Around August, 2011, Plaintiff received a phone call from Diversified informing Plaintiff that she had to re-enter the rehabilitation program since there were no payments made after June, 2011.

15. Plaintiff informed Diversified that she did not realize that the payments were not being deducted.

16. Diversified told Plaintiff it was her responsibility to make sure the payments were being made and added that it would garnish Plaintiff's wages if she failed to set up another payment plan.

17. Plaintiff reminded Diversified that the payments were automated and she could not be responsible for Diversified having stopped withdrawals.

18. Nonetheless, Diversified continued to demand that Plaintiff set up another payment plan.

19. Plaintiff informed Diversified she did not feel comfortable doing so since Diversified did not honor the program terms.

20. Thereafter Diversified's collector became irate with Plaintiff and proceeded to talk over her.

21. About a month later, Plaintiff received a call at her place of employment from Diversified's collector who asked Plaintiff to provide her address and telephone number.

22. Plaintiff was surprised to hear such request since she had received mail from Diversified in the past and had received phone calls from Diversified on her cellular phone line as little as a month ago.

23. When confronted about same, Diversified's collector falsely stated that Diversified did not possess such information.

C. **Plaintiff Suffered Actual Damages**

24. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

25. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

31. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
5. Punitive damages; and
6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 30, 2012

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff